## Commonwealth, ex rel., Appellant, *v.* Grenet.

*Cities of the second class—Powers of councils—Public officers—*
*Delinquent tax collector—Increase or diminution of compensation*
*—Act of May 31, 1911, P. L. 461*

The Act of May 31, 1911, P. L. 461, relating to the government of cities of the second class, provides: "Councils shall have power to authorize by ordinance the appointment of such employees as may be necessary for the proper discharge thereof. They shall also have power to fix, from time to time, the salaries of all city officials and employees who are not elected. The salaries and emoluments of all such officers shall not be increased or diminished during their term of office." The compensation of defendant, who was a delinquent tax collector, had previously been a percentage of penalties on taxes collected by him. By an ordinance of councils, the City of Pittsburgh undertook to provide in lieu of such compensation a fixed salary, which was less than the compensation the collector had previously received. *Held,* the ordinance was invalid as being in conflict with the act of assembly above quoted.

Argued October 30, 1912. Appeal, No. 168, Oct. T., 1912, by plaintiff, from order of C. P., Allegheny Co., July T., 1912, No. 2638, Docket B, refusing writ of peremptory mandamus in case of Commonwealth of Pennsylvania, ex rel. the City of Pittsburgh, a Municipal Corporation, v. Samuel J. Grenet. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus to compel a delinquent tax collector to comply with an ordinance of the City of Pittsburgh.

From the record it appeared that Samuel J. Grenet, respondent, was appointed collector of delinquent taxes of the City of Pittsburgh on April 5, 1909, and was duly confirmed and gave bond as required by law. At the beginning of his term the compensation of the said officer was two-fifths of a penalty of five per cent. which was added to all delinquent taxes which he was allowed

to retain from the sums collected by him, with the understanding that he should pay thereout the expenses of his office and the salaries of his clerks. Subsequently his compensation was decreased to three-tenths of said penalties on delinquent taxes. Still later, by ordinance of the City of Pittsburgh, approved February 6, 1912, the entire method of compensation was altered, and it was provided that in lieu of the percentage of penalties on delinquent taxes collected, the delinquent tax collector should be paid a fixed salary of $3,500 a year, the expenses of his office and the salaries of his clerks being paid out of the treasury of the city. The tax collector having refused to comply with the provisions of said ordinance and to surrender the fees, penalties, etc., to the treasurer of the city, as required by the said ordinance, claiming that it was invalid as to him, the City of Pittsburgh applied for a writ of peremptory mandamus. SWEARINGEN, J., filed an opinion which was in part as follows:

It is admitted that the compensation of the respondent, fixed in the ordinance of February 12, 1912, is less than his "emoluments" under the laws and ordinances existing at the date of its passage. Is this ordinance in conflict with the provision of the Act of May 31, 1911, P. L. 461? The said provision is as follows:

"Council shall have power to authorize by ordinance the appointment of such employees as may be necessary for the proper discharge thereof. They shall also have power to fix, from time to time, the salaries of all city officials and employees who are not elected. The salaries and emoluments of all such officers shall not be increased or diminished during their term of office."

If the office of collector of delinquent taxes is an appointive one, the plain meaning of the above quoted provision seems to be that council cannot change the salary and emoluments thereof during the term of the officer. Council is given power to fix salaries of appointive officers alone. Then follows immediately the

prohibition against increasing or diminishing the salaries or emoluments of "all such officers." The word "such" clearly refers to the appointive officers mentioned in the next preceding sentence. These two contiguous sentences, the first granting power to fix salaries, and the second limiting its exercise, are connected and plainly relate to the same matter. The first sentence of the provision quoted might well be omitted, and the remaining two would join and their meaning be apparent. We cannot, therefore, agree with the construction for which the relator contends, viz: That the word "such," in the last sentence of the provision relates to the employees mentioned in the first sentence. That is to say, the contention is that the limitation of the power of council over salaries is applicable only to those officials and employees created by council itself. This seems to us unnatural. The first and third sentences of the provision will not join. The first authorizes the appointment of employees, without designating any term or providing for any salary. The third limits the power to change salary only, to fix which no power is given, if the second sentence is eliminated. This is not clear and intelligible. We think the provision is of general application. A similar provision in the Act of May 23, 1889, P. L. 277, was construed, as we understand it, in the same manner as we have construed the said Act of 1911: Devers v. York, 156 Pa. 359. We must, therefore, conclude that the above-quoted provision of the Act of 1911 prohibits council from reducing the respondent's salary and emoluments during his term.

The relator contends, however, that the compensation of the respondent had never been lawfully fixed by council, and that, therefore, the ordinance of February 6, 1912, was not a change at all. Neither can we agree with this contention. In an opinion, filed in the case of the City of Pittsburgh against Samuel J. Grenet, et al., at No. 1879, April T., 1912, we have held that the compensation of the respondent was lawfully fixed

at a percentage on his collections. We refer to our reasons for that decision as the ground upon which we now hold that his compensation had been fixed, and that the ordinance of February 6, 1912, was an attempt to reduce it during his term. This we think council cannot do, because of the Act of 1911 aforesaid.

We, therefore, decide that the provisions of the ordinance of February 6, 1912, which undertake to accomplish the purposes set forth in the petition are invalid, and that the relator is not entitled to the relief for which it has prayed.

The court refused the writ of peremptory mandamus. Plaintiff appealed.

*Error assigned* was in refusing the writ.

*William A. Stone,* for appellant.—Councils had power to change the compensation of the delinquent tax collector during his term of office: Upshur v. Baltimore, 94 Md. 743 (51 Atl. Repr. 953); State v. McBride, 29 Washington 335 (70 Pac. Repr. 25); 20 Pepper & Lewis's Digest of Decisions, Col. 3536.

*W. W. Stoner,* for appellee.—The ordinance was invalid: Fellows v. Scranton, 1 Pa. D. R. 554; Devers v. York, 156 Pa. 359.

Per Curiam, January 6, 1913:

The refusal of the mandamus prayed for by the City of Pittsburgh is affirmed on that portion of the opinion of the court below sustaining the contention of the appellee that the ordinance of February 12, 1912, is in conflict with the Act of Assembly of May 31, 1911, P. L. 461.

Appeal dismissed.